UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JESSICA PEREZ,<br><br>        Plaintiff,<br><br>  v.<br><br>EMPIRE EDUCATION GROUP, *et al*,<br><br>        Defendants. | Civil Action No. 22-7602 (JXN)(CLW)<br><br>**MEMORANDUM ORDER** |

**NEALS**, District Judge:

  Currently pending before the Court is a partial motion to dismiss [ECF No. 3] filed by Defendants Empire Education Group and Franklin K. Schoeneman (collectively, "Defendants"). In response to Defendants' motion, Plaintiff Jessica Perez ("Plaintiff") requests that the Court enter an Order denying Defendants' motion, or in the alternative allow Plaintiff to file an Amended Complaint, which is annexed to her opposition as Exhibit A. *See* ECF No. 8. In their reply, Defendants contend that certain claims in Plaintiff's Amended Complaint would be futile. ECF No. 11. The matter is ripe and the Court decides the matter without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b).

  The Federal Rules of Civil Procedure encourage and provide for a liberal policy for amending pleadings. Under Fed. R. Civ. P. 15(a), leave to amend pleadings shall be freely given when justice so requires. In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court articulated the liberal policy of allowing amendments underlying Rule 15(a) as follows:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or undeclared reasons—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure

deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'

*Id.* at 182, 83.

Under the *Foman* standard, leave to amend may be denied where there is "undue delay, bad faith or dilatory motive . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Id.* The Third Circuit has elaborated on the proper analysis to apply:

> The trial court's discretion under Rule 15, however, must be tempered by considerations of prejudice to the non-moving party, for undue prejudice is 'the touchstone for the denial of leave to amend.' . . . In the absence of substantial or undue prejudice, denial must be grounded in bad faith or dilatory motives, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment.

*Heyl & Patterson International, Inc. v. F.D. Rich Housing of the Virgin Islands,* 663 F.2d 419, 425 (3d Cir. 1981) (citing *Cornell & Co., Inc. v. Occupational Safety and Health Review Comm'n,* 573 F.2d 820, 823 (3d Cir. 1978)); *Cruz v. City of Camden*, 898 F. Supp. 1100, 1105 (D.N.J. 1995).

Given the liberal amendment standard provided by Rule 15(a), the Court will not deny Plaintiff's informal request to amend based on futility as this time. Accordingly, Plaintiff's informal request to file an Amended Complaint is **GRANTED** and Defendants' partial motion to dismiss [ECF No. 3] is **DENIED without prejudice**. Plaintiff shall file her Amended Complaint by no later than **June 15, 2023**. Plaintiff may file the Amended Complaint annexed to her opposition or file a new Amended Complaint that addresses the concerns set forth in Defendants' reply brief. Defendants shall respond to Plaintiff's Amended Complaint by **July 6, 2023**.

DATED: May 25, 2023

s/ Julien Xavier Neals
**JULIEN XAVIER NEALS**
United States District Judge